IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CANDACE DRYFKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-1019-MJR-DGW |
| | ) | |
| TRANE US, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for a More Definite Statement (Doc. 15) filed by Defendant, Georgia-Pacific Corporation, on October 9, 2013. For the reasons set forth below, the motion is **DENIED**.

To satisfy a notice-pleading standard of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a) (2). In other words, the plaintiff's complaint must be sufficient to provide the defendant with fair notice of the plaintiff's claim and its basis. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012), *citing Ericson v. Pardus*, 551 U.S. 89, 93 (2007), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement of a claim when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." The motion must "point out the defects complained of and the details desired." *Id*. "Encouraging a plaintiff to plead what few facts can be easily provided and will clearly be helpful serves to expedite resolution by quickly alerting the defendant to basic, critical factual allegations

(that is, by providing 'fair notice' of the plaintiff's claim)." *EEOC v. Concentra Health Servs. Inc.*, 496 F.3d 773, 779-80 (7th Cir. 2007). It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few details that will let the defendant investigate. *Id.* See also *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002); *McDonald v. Household International, Inc.*, 425 F.3d 424, 427-28 (7th Cir.2005). The Seventh Circuit considers Rule 12(e) one of several "tools" the district court may use to require additional specificity in a pleading. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).

Defendant contends that Plaintiff aggregates allegations against several defendants in a single, unspecific statement. Plaintiff's Third Amended Complaint, Defendant alleges, fails to specify times and locations of exposure specifically to its products. Defendants take issue with Counts I, II, and X. Count I is the negligence count as to manufacturers of asbestos products. In paragraph 4 of Count 1, Plaintiff details the locations where she was employed when the alleged exposure to asbestos occurred. Between 1960 and 1977, Plaintiff held various positions with the United States Navy. In paragraph 5 of Count 1, Plaintiff contends that during the course and scope of her employment she worked with and in close proximity to others who were working with asbestos and asbestos-containing products. Plaintiff further contends that during the course of her employment Defendant Georgia-Pacific, among others, "mined, milled, manufactured, processed, imported, converted, compounded, applied, installed, designed, specified, inspected, approved, supplied, distributed and sold" asbestos and asbestos-containing products. This information is sufficient to provide Georgia-Pacific with fair notice of the basis of Plaintiff's claims. Count 1 is not so vague and ambiguous that Defendant would be unable to prepare a responsive pleading.

Defendant further takes issue with Plaintiff's Count II (Willful and wanton count as to

manufacturers of asbestos products) as it incorporates by reference and re-alleges paragraphs 1-10 and 12 of Count I.  Count X, Defendant alleges, has the same deficiencies as it incorporates by reference the allegations contained in Counts I-IX of the Complaint.  Again, the information Plaintiff provided is sufficient to provide Defendant fair notice of Plaintiff's claims.   As such, the Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: November 13, 2013**

                                                          **DONALD G. WILKERSON**
                                                          **United States Magistrate Judge**