IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CANDACE DRYFKA, individually and as** Representative of the Estate of **JOHN E. DRYFKA,** deceased. | ) ) ) ) |
| Plaintiff, | ) ) Case No. 13–cv–1019–SCW-DGW |
| vs. | ) ) ) |
| **TRANE US, Inc. et. al.,** including **GENERAL DYNAMICS CORP.** | ) ) ) |
| Defendants. | ) ) |
| vs. | ) ) ) |
| **GEORGIA PACIFIC et al.** | ) ) |
| Cross-Claimants | |

# ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is Plaintiff's Stipulation of Dismissal of Defendant General Dynamics Corp., (Doc. 63) as well as Plaintiff's Stipulation for Remand, (Doc. 36), which the Court construes as a Motion for Remand.

Plaintiff originally filed this suit in the Circuit Court, Third Judicial Circuit, Madison County Illinois on March 6, 2012. (Doc. 2). Defendant General Dynamics Corp. filed a Notice of Removal in this Court on October 1, 2013 based on federal officer removal pursuant to 28 U.S.C. § 1442(a)(1). (Doc. 2). Approximately one month later, Plaintiff filed a "Stipulation of Consent to Remand" signed by counsel for General Dynamics, and indicating, with little else, that the parties agreed to remand the case back to state court. (Doc. 36)  On November 25, 2013, the Court ordered the parties to submit briefing in support of their Stipulation to Remand and specifically addressing

1

the issue of what basis the stipulation would provide for the Court to divest itself of jurisdiction. (Doc. 38). Plaintiff filed a Response to that Order on December 6, 2013 indicating that dismissal of General Dynamics was imminent, and citing to cases where courts have declined to continue to exercise jurisdiction over the remaining non-federal claims. (Doc. 39). The Court then indicated it would take up the question of remand once General Dynamics was no longer a party to this case. (Doc. 41). On February 7, 2014, the parties filed another stipulation dismissing General Dynamics. (Doc. 62).

## STIPULATION TO DISMISS GENERAL DYNAMICS CORP.

The Federal Rules of Civil Procedure permit a plaintiff to voluntarily dismiss claims without a court order by filing a stipulation for dismissal signed by all parties who have appeared. **Fed. R. Civ. P. 41(a)(1)(A)**. The parties have entered such a stipulation, and further indicated that the dismissal will be with prejudice. (Doc. 63). The case against the General Dynamics Corp. is therefore **DISMISSED** with prejudice pursuant to Federal Rule 41(a)(1). All parties shall bear their own costs.

## STIPULATION TO REMAND

Plaintiff has not cited any case law that suggests that a stipulation of agreement is sufficient to deprive the federal courts of jurisdiction, however, General Dynamics Corp.'s dismissal changes the status quo. General Dynamics Corp. is the only defendant who originally removed this case to federal court. (Doc. 2).[1] Additionally, no other Defendants have informed the Court that they intend to assert the defense since the stipulation of dismissal has been filed. The federal officer removal statute is an exception to the well-pled complaint rule, which requires federal jurisdiction to arise on the face of the complaint. ***Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir.**

---

[1] Removal of a case by a federal officer under 28 U.S.C. § 1442 does not require the consent of co-defendants, and permits removal even if the other defendants did not join the removal or waived their right to do so. ***See Alsup v. 3-Day Blinds, Inc.*, 435 F.Supp.2d 838, 842 (S.D. Ill. 2006);**

2012)(citing *Mesa v. California*, 489 U.S. 121, 136 (1989))**. Section 1442(a)(1) permits the removal of the entire case, even though the federal officer defense may not apply to all of the claims. **Alsup v. 3-Day Blinds, Inc., 435 F.Supp.2d 838, 844 (S.D. Ill. 2006)**.

The claims not subject to the federal officer jurisdiction are subject to a type of ancillary jurisdiction. **Futch, 2007 WL 1752200 at *4 (citing 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice and Procedure* § 3727 (3d ed. 1998 & Supp. 2007))**. The district court should consider principles of "comity, federalism, judicial economy, and fairness to litigants," when considering whether to continue to exercise jurisdiction over the ancillary claims after the anchor claim has dropped out. ***Id.* (quoting 14c Wright, Miller, Cooper & Steinman, *Federal Practice & Procedure* § 3727 (collecting cases))**; *see also* **Macias v. Kerr-McGee Corp., No. 92-C-3389, 1993 WL 524734 at * 1 (N.D. Ill. December 14, 1993)(citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1998))**. Many courts to consider the issue, including this one, have found that it is appropriate to remand the ancillary claims after the federal claims have dropped out. **Sullivan v. Conway, 157 F.3d 1092, 1095 (7th Cir. 1998) ("[F]ederal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court, although if all the federal claims drop out before trial, even as a consequence of Plaintiff's own voluntary dismissal, the district judge normally will relinquish jurisdiction over state-law claims.") (citations omitted);** *see also* **28 U.S.C. § 1367 (c)(3); Carr v. CIGNA Sec. Inc., 95 F.3d 544, 546 (7th Cir. 1996)("The general rule, when the federal claims fall out before trial, is that the judge should relinquish jurisdiction over any supplemental . . . state law claims in order to minimize federal judicial intrusion into matters of purely state law.")**.

The Seventh Circuit has identified three circumstances where remand would be inappropriate: 1) where the statute of limitations would bar the refiling of claims in state court; 2)

3

where substantial judicial resources have already been spent on the litigation; and 3) where the outcome of the claims is obvious. **Williams Elecs. Games, Inc. v. Garrity, 479 F.3d 904, 907 (7th Cir. 2007) (citing *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994))**. Where these exceptions do not apply, there is a reluctance to exercise jurisdiction over the remaining claims because of the strong interest of the state in enforcing its own laws. **Groce v. Eli Lilly & Co., 193 F.3d 496, 501 (7th Cir. 1999); Kennedy v. Schoenberg Fisher & Newman, Ltd., 140 F.3d 716, 728 (7th Cir. 1998)**. In addition to the state's interest, the federal judiciary has also expressed a preference towards allocating its resources to cases that present federal claims. **Forbes v. Milwaukee County, No. 05-C-591, 2007 WL 41950 at \*19 (E.D.Wis. Jan. 4, 2007)**. In particular, there is a preference towards remand in asbestos cases where one defendant out of many removes to federal court based on a federal defense. **See *Futch*, 2007 WL 1752200; *Madden v. Able Supply Co.*, 205 F.Supp.2d 695 (S.D. Tex. 2002)**.

Here, remand appears most appropriate. The only basis for federal jurisdiction is the federal defense of a now-dismissed defendant. No other defendant has raised the federal officer removal statute as a defense, or objected to remand. The remaining claims, which are numerous, concern issues solely of state law. Additionally, this case has been pending in federal court for less than five months, after proceeding in state court for more than a year. Very few federal resources have been expended at this point in the litigation. The outcome of this case is not obvious, and no motions for summary judgment are pending. No defendant has pled that they will be prejudiced by such a return. Therefore, for all of the above reasons, the Stipulation for Remand, (Doc. 36), which the Court construes as a motion is **GRANTED**; the case is **REMANDED** to the Third Judicial Circuit state court, Madison County Illinois, Case No. 12-L-42.

## CONCLUSION

For the foregoing reasons, the Clerk of the Court is **DIRECTED** to **DISMISS** General Dynamics Corp. **with prejudice**.  Additionally, the Stipulation to Remand (Doc. 36) is **GRANTED**.  The remaining claims and defendants are **REMANDED** to the Third Judicial Circuit state court, Madison County, Illinois, Case No. 12-L-42.  The remaining motions will remain pending for resolution by the state court judge.

**IT IS SO ORDERED.**
**DATE: February 19, 2014**                                                         /s/ *Stephen C. Williams*
                                                                                                            **STEPHEN C. WILLIAMS**
                                                                                                            United States Magistrate Judge